## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 02 2018, 6:09 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Danielle L. Gregory
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Katherine A. Cornelius
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In the Matter of: J.S., Ma.S., and My.S., Children in Need of Services: | November 2, 2018 |
| | Court of Appeals Case No. 18A-JC-1244 |
| T.S. (Mother), | Appeal from the Marion Superior Court |
| *Appellant-Respondent,* | |
| v. | The Honorable Gary Chavers, Judge *Pro Tempore* |
| | The Honorable Danielle Gaughan, Magistrate |
| The Indiana Department of Child Services, | Trial Court Cause Nos. 49D09-1710-JC-3429 |
| *Appellee-Plaintiff.* | 49D09-1710-JC-3430 49D09-1710-JC-3431 |

**Bradford, Judge.**

# Case Summary

[1] T.S. ("Mother") is the mother of J.S., Ma.S., and My.S. (collectively, "the Children"). On October 13, 2017, the Indiana Department of Child Services ("DCS") filed a petition alleging that the Children were children in need of services ("CHINS"). A fact-finding hearing was scheduled for April 10, 2018. Mother's counsel requested a continuance of this hearing after Mother failed to appear. Noting that it had already continued the fact-finding hearing once before because Mother had failed to appear, the juvenile court denied Mother's request and the hearing proceeded as scheduled. Afterward, the juvenile court found the Children to be CHINS. Mother contends on appeal that the denial of her request for a continuance deprived her of due process. Concluding otherwise, we affirm.

# Facts and Procedural History

[2] DCS became involved with Mother and the Children in September of 2017, after receiving "a report regarding the family being homeless." Tr. Vol. II p. 8. Mother acknowledged the family was homeless and informed DCS that she struggled with untreated mental health issues. DCS and Mother developed a safety plan, whereby the Children would move in with maternal grandmother until Mother could secure housing.

[3] On or about October 11, 2017, Mother was stopped for driving a stolen vehicle. Mother was arrested, leaving no one to care for the Children. The Children were again placed with their maternal grandmother. Although Mother initially had visitation privileges with the Children, these privileges were revoked following troubling behavior by Mother.[1]

[4] DCS filed a CHINS petition on October 13, 2017. On February 9, 2018, Mother failed to appear for the scheduled fact-finding hearing. The juvenile court granted Mother's counsel's request for a continuance of the hearing. After Mother, who remained homeless, again failed to appear for the fact-finding hearing on April 10, 2018, her counsel made a second request for a continuance. This request was denied by the juvenile court and the hearing proceeded as scheduled. The juvenile court found the Children to be CHINS and subsequently ordered Mother to engage in certain services.

# Discussion and Decision

[5] Mother does not challenge the juvenile court's determination that the Children are CHINS. She only contends that the juvenile court abused its discretion in denying her request for a continuance of the April 10, 2018 fact-finding hearing.

> [A] trial court's decision to grant or deny a motion to continue is subject to abuse of discretion review. An abuse of discretion may

---

[1] This behavior included breaking into maternal grandmother's home, taking J.S. out of school without permission, and threatening the DCS case manager and service providers.

be found in the denial of a motion for a continuance when the moving party has shown good cause for granting the motion, but no abuse of discretion will be found when the moving party has not demonstrated that he or she was prejudiced by the denial.

*In re K.W.*, 12 N.E.3d 241, 243–44 (Ind. 2014) (internal citation and quotations omitted). In arguing that the juvenile court abused its discretion by denying her request for a continuance, Mother claims that she was deprived of due process. "Due process requires the opportunity to be heard at a meaningful time and in a meaningful manner." *In re K.D.*, 962 N.E.2d 1249, 1257 (Ind. 2012) (internal quotation omitted).

[6] In this case, Mother was represented by counsel who appeared on her behalf at the fact-finding hearing. Counsel requested a continuance of the hearing after Mother failed to appear, indicating that he did not know why Mother was not present. It is undisputed that Mother had received notice of the date, time, and location of the hearing. She had informed her home-based case manager the day before the hearing that she would attend. However, at 1:35 a.m. on the morning of the hearing, Mother notified her home-based case manager that she would not attend because she was ill. Attempts to reach Mother by telephone during the hearing were unsuccessful. After being unable to reach Mother or verify that she was ill, the juvenile court denied her counsel's request for a continuance.

[7] The Indiana Supreme Court has held that there is no absolute constitutional right for a parent to be present at a CHINS or termination hearing. *See In re*

*K.W.*, 12 N.E.3d at 248. Further, we have previously concluded that denial of a request for a continuance does not deny a parent due process following the parent's failure to appear at a fact-finding hearing so long as the parent was represented by counsel in her absence. *See In re E.E.*, 853 N.E.2d 1037, 1044 (Ind. Ct. App. 2006). Applying this precedent to the facts of the instant matter, we conclude that Mother was not denied due process.

[8]     The judgment of the juvenile court is affirmed.

Bailey, J., and Mathias, J., concur.